**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MARCOS TULIO DIAZ RIVERA,

     Petitioner,

v.                                                                                   No. 26-cv-0710-MIS-JHR

WARDEN, Otero County Processing Center;
MARY DE ANDA-YBARRA, Field Office
Director of Enforcement and Removal
Operations, El Paso Field Office,
Immigration and Customs Enforcement;
TODD LYONS, Acting Director
Immigration and Customs Enforcement;
CURRENT SECRETARY, U.S. Department
Of Homeland Security; AND PAMELA
BONDI, U.S. Attorney General,

     Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Marcos Tulio Diaz Rivera's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed March 9, 2026.

On March 10, 2026, the Court issued an Order to Show Cause and Enjoining Transfer ("Order"), ECF No. 3, which instructs that Respondents "shall respond to the Petition and show cause why the requested relief should not be granted" within ten business days. Id. at 2. The Order reminds Respondents "that this Court has already decided the issues presented by the Petition and granted the relief Petitioner requests here." Id. (citing Lopez-Romero v. Lyons, 2:25-cv-01113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026); Singh v. Noem, Case No. 1:25-cv-01266-MIS-KRS, 2026 WL 242249 (D.N.M. Jan. 29, 2026); Intriago-Sedgwick v. Noem, No. 1:25-cv-01065-MIS-LF, 2025 WL 3688155 (D.N.M. Dec. 19, 2025), report and recommendation adopted

No. 1:25-cv-01065-MIS-LF, ECF No. 27 (D.N.M. Jan. 6, 2026); Order Granting Petition for Writ of Habeas Corpus, Zhao v. Castro, Case No. 2:26-cv-00079-MIS-JMR (D.N.M. Jan. 20, 2026). As such, the Court ordered that Respondents must "demonstrate that the facts of this case warrant a departure from the Court's prior rulings[,]" and warned Respondents that failure to timely comply with the Order may result in the Court granting the requested relief without further notice. Id.

On March 24, 2026, the federal Respondents filed a Response to the Petition. ECF No. 6. Therein, counsel for Respondents failed to distinguish this case from other cases this Court has decided recently involving the detention of noncitizens already present in the United States—as opposed to noncitizens detained at a border crossing or port of entry—but argued that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 6-8.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 6.

The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the

2

Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Marcos Tulio Diaz Rivera from custody/detention without restraints beyond those that existed before his unlawful detention;

3. Respondents **SHALL RETURN** all of Petitioner's seized belongings to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

5. Respondents **SHALL** file a Notice of Compliance with this Order as soon as practicable after Petitioner's release;

6. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3